**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 10-4389**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LARRY RASHON CARTER, a/k/a Larry Rashawn Carter,

          Defendant - Appellant.

───────────────

**No. 10-4390**

───────────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LARRY RAYSHAWN CARTER,

          Defendant - Appellant.

───────────────

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (2:94-cr-00258-WO-1; 1:09-cr-00045-WO-1)

───────────────

Submitted: February 10, 2011    Decided: February 17, 2011

───────────────

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Rayshawn Carter[1] appeals from his convictions and 188-month sentence entered pursuant to his guilty plea to distribution of cocaine and possession of a firearm by a convicted felon (No. 10-4390). He also appeals from the district court's judgment revoking his supervised release and imposing a consecutive sentence of forty-eight months in prison (No. 10-4389). On appeal, Carter's attorney has filed an Anders[2] brief, concluding that there are no meritorious issues in either appeal but questioning whether Carter's sentences were unduly harsh. After a thorough review of the record, we affirm.

Carter first asserts that the sentence imposed upon revocation of his supervised release was substantively unreasonable because it was imposed to run consecutively to the sentence imposed for Carter's convictions. However, Carter's forty-eight-month sentence was below the undisputed advisory Guidelines range and below the statutory maximum. The district court's decision to run the revocation sentence consecutive to the sentence on the underlying charges was authorized by statute and is preferred under the Guidelines policy statements. See 18

---

[1] Carter's middle name is alternately referred to in court documents as Rashan and Rashawn.

[2] Anders v. California, 386 U.S. 738 (1967).

U.S.C. § 3584 (2006); U.S. Sentencing Guidelines Manual § 7B1.3(f) & comment. (n.4.) (2009). Carter provides no argument as to why his below-Guidelines sentence is unreasonable, and the record does not support the conclusion that Carter's sentence was unnecessarily harsh when measured against the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors.

Similarly, Carter asserts that his 188-month sentence was unduly harsh. However, his sentence was at the bottom of his presumptively reasonable and undisputed advisory Guidelines range. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) (describing presumption of reasonableness), cert. denied, 129 S. Ct. 1312 (2009). Carter provides no argument rebutting this presumption, and our review of the record does not disclose a meritorious claim of sentencing error.

Pursuant to Anders, we have reviewed the entire record in both appeals and found no meritorious issues for appeal. Accordingly, we affirm Carter's convictions, the revocation of his supervised release, and his sentences. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

4

may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED